IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GRACIANO CORPORATION,

        Plaintiff,                          26cv0617
                                            ELECTRONICALLY FILED

      v.

ERIKA TIRADO,

        Defendant.

## MEMORANDUM ORDER

## I. BACKGROUND

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, her Brief in Support of same, and her affidavit (ECF 28, ECF 29 ECF 28-1), all predicated upon Fed.R.Civ.P. 12(b)(2). Plaintiff filed its Brief in Opposition (ECF 32) along with an affidavit in support of same. ECF 32-1. The matter is ripe for adjudication.

## II. STANDARD OF REVIEW

When replying to a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Plaintiff bears the burden of proving, by a preponderance of the evidence, facts adequate enough to establish personal jurisdiction over Defendant(s), by producing sufficient evidence. *Castapheny v. W. Virginia State Police*, 2010 WL 1901817, at 3 (W.D. Pa. May 11, 2010) (Lenihan, J.). A district court may assert personal jurisdiction over a nonresident Defendant, "to the extent permissible under the law of the state where the district court sits." *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir.1998) (citation omitted). Pennsylvania's long-arm statute, 42 Pa. Cons.Stat. Ann. § 5322(b), authorizes Pennsylvania courts "to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the Fourteenth Amendment." *Remick v. Manfredy*, 238 F.3d 248,

255 (3d Cir. 2001), quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992).

To satisfy due process requirements, Defendant must have certain minimum contacts with the forum state such that the progression of the suit will not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  The minimum contacts cannot be created by Plaintiff, but Defendant must purposefully avail itself of the privileges (and thus invoking the protection) of the laws when conducting business in the forum state.  *Id.*  (*citing Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)).

Personal jurisdiction exists in one of two ways: specific jurisdiction and general jurisdiction.  *Id.*  General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,* 75 F.3d 147, 151 n. 3 (3d Cir.1996) (citations omitted). In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court" in that forum. *Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir. 2001).

Further, in intentional tort cases such the instant case, the Court must apply the *Calder* "effects test," which requires Plaintiff to show the following: (1) Defendant committed an intentional tort; (2) Plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) Defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

**III. DISCUSSION**

When reviewing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court must accept as true the factual allegations in the pleadings and resolve all factual disputes in the plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). The court need not limit the scope of its review to the pleadings and instead must consider affidavits and other competent evidence submitted by the parties. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603–04 (3d Cir. 1990).

Turning to the instant matter, Defendant's Motion and Affidavit admit Defendant was Plaintiff's employee for fifteen years, and that she worked as an administrative assistant in an office and/or her own home, both of which are located in New York. ECF 28, ECF 28-1. Her affidavit also indicates that her administrative assistant duties required her "to maintain New York records pertaining to Graciano Corporation and its business in New York." ECF 28-1. Her affidavit also states that Defendant never worked or lived in the Commonwealth of Pennsylvania during her term of employment with Plaintiff, that she never visited Plaintiff's Pennsylvania-based headquarters, and that she "never accessed documents, records, and/or confidential information in Pennsylvania pertaining to Graciano Corporation."

Neither Plaintiff's Complaint nor its Brief in Opposition argues that Defendant is a resident of Pennsylvania. To the contrary, Plaintiff has alleged that Defendant, a nonresident, intentionally accessed and misused information and systems belonging to Plaintiff, a Pennsylvania-based company, and caused harm in Pennsylvania through Defendant's retention and dissemination of Graciano's confidential and proprietary information. Plaintiff's Brief in Opposition and Affidavit further indicate that Plaintiff's "corporate headquarters and principal place of business are located [in] . . . Pittsburgh, Pennsylvania" and that its "file server is housed

3

at its corporate headquarters in Pittsburgh." In addition, Plaintiff's affidavit also notes that "Graciano does not maintain a file server at its New York location" and that the "data described in Graciano's Verified Complaint (ECF No. 1) are housed at a combination of its corporate headquarters in Pittsburgh, and the offices of its information technology contractor, Corkboard Concepts, also in Pittsburgh."

Because the Complaint at issue alleges that Defendant committed several intentional torts (*i.e.* misappropriation of trade secrets, violations of the computer fraud and abuse act, breach of fiduciary duty, conversion and trespass to chattels), the Court utilizes the *Calder* effects test to determine if Plaintiff has met its burden of demonstrating this Court's personal jurisdiction.[1] *Calder v. Jones*, 465 U.S. 783 (1984).

The *Calder* effects test allows a plaintiff to demonstrate personal jurisdiction if he or she shows:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;

---

[1] As note in *IMO Indus., Inc. v. Kiekert AG:*

> Since this is an intentional tort case, we must consider whether the application of *Calder v. Jones, supra,* can change the outcome. Generally speaking, under *Calder* an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the "minimum contacts" prong of the Due Process test is satisfied. *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 780, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). We therefore concentrate our minimum contacts discussion below on the *Calder* test.

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259–60 (3d Cir. 1998)

(3) The defendant expressly aimed his tortious conduct at the forum such

that the forum can be said to be the focal point of the tortious activity.

*Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).

The Court notes that the Complaint alleges the following facts which this Court must accept as true for the purposes of adjudicating this Motion, Defendant: (1) was provided with a handbook that described confidential information and prohibited employees from disclosing the information to unauthorized third-parties; (2) had access to internal company data, records and files which qualified as confidential information; and (3) while investigating a complaint raised by Defendant, Plaintiff discovered Defendant had removed documents containing confidential information which she accessed and obtained during the course of her fifteen years of employment. The Court further notes that after fifteen years of working for Plaintiff, Defendant knew that Plaintiff was a Pennsylvania-based corporation and thus, was likely to have its proprietary and confidential corporate data housed in hard-copy and/or electronic formats in Pennsylvania.

Based upon the statements set forth above as paraphrased from the Complaint and given the Plaintiff's affiant's statements suggesting that the confidential information Plaintiff accessed and obtained during her tenure as an employee (and subsequently shared with a third party or third parties), could only be obtained through a Pennsylvania-based server or a Pennsylvania partner (Corkboard) also located in Pennsylvania, the Court finds that all three prongs of the *Calder* effects test have been met.

5

## IV. CONCLUSION

Based on the foregoing law and authority and given the factual statements which the Court accepts as true for the purposes of this Motion, Defendant's Motion Dismiss for lack of personal jurisdiction in accordance with Fed.R.Civ.P. 12(b)(2) is DENIED.

SO ORDERED this 4th day of May, 2026.

BY THE COURT,

s/ Arthur J. Schwab
Arthur J. Schwab


cc:  ECF Counsel of Record